# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2020 02:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:20-cv-04405-GJS   Document 1-1   Filed 05/15/20   Page 2 of 16   Page ID #:9

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Anthony Mohr

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
Geragos@geragos.com

BEN MEISELAS        SBN 277412
Attorneys for Plaintiff JAMES CASPARI

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES CASPARI, an individual, | CASE NO.: 20STCV11962 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983);** |
| | 2. **FALSE ARREST AND FALSE IMPRISONMENT – 42 U.S.C. § 1983;** |
| CITY OF LOS ANGELES, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; OFFICER LLANOS, an individual; OFFICER SALDANA, an individual; DETECTIVE SCOTT, an individual; and DOES 1–10, inclusive; | 3. **VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM;** |
| | 4. **MALICIOUS/WRONGFUL PROSECUTION;** |
| | 5. **VIOLATION OF CIVIL CODE §52.1;** |
| | 6. **NEGLIGENCE;** |
| | 7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| Defendants. | |
| | **UNLIMITED CIVIL JURISDICTION** |
| | **DEMAND FOR JURY TRIAL** |

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    Plaintiff JAMES CASPARI ("Plaintiff") hereby brings this Complaint against

2  Defendant CITY OF LOS ANGELES ("City"), Defendant LOS ANGELES POLICE

3  DEPARTMENT ("LAPD"), Defendant OFFICER LLANOS, Defendant OFFICER

4  SALDANA, Defendant DETECTIVE SCOTT[1], and Defendant DOES 1 through 10, and

5  alleges as follows:

6                          **INTRODUCTION**

7         1.    Plaintiff brings this Complaint to recover damages arising out of the blatant and

8  ongoing abuses of power, civil rights violations, and predatory policing practices by Los

9  Angeles Police Department officers. The facts and conduct giving rise to this Complaint arise

10  of the Los Angeles Police Department officers' conduct of instigating, initiating, and

11  prompting the unlawful arrest and malicious prosecution of Plaintiff.

12                    **JURISDICTION AND VENUE**

13         2.    Plaintiff brings this action to recover damages arising from Defendants'

14  improper and unlawful conduct intended to deprive Plaintiff of his Civil Rights through a

15  pattern of blatant and ongoing abuses of power.

16         3.    All events described herein, including where the Parties reside, where Plaintiff

17  was wrongfully arrested, and where he was wrongfully and maliciously prosecuted, all

18  occurred within the jurisdiction of this Court. The acts and omissions of Defendants that

19  caused Plaintiff's damages occurred in the County of Los Angeles and within the jurisdiction

20  of the Superior Court of Los Angeles – Central District.

21         4.    This Court has jurisdiction over the claims herein because, as delineated within

22  this Complaint, the nature of the claims and amounts in controversy, exclusive of interest and

23  costs, exceeds the jurisdictional minimum of this Court.

24         5.    Plaintiff submitted a timely claim for damages dated August 12, 2019, pursuant

25  to California *Government Code* § 910, *et seq*.

26

27         _____
           [1] Plaintiff, through counsel, has attempted to contact the Los Angeles Police
28  Department to find out the full names of the officers and detective involved and were not
    provided with the full names.

**GERACOS & GERACOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**Exhibit 1 - Page 9**

2

1    6.    The Defendants did not respond to Plaintiff's claim for damages, from which

2    Plaintiff timely brings this Complaint.

3    **THE PARTIES**

4    7.    Plaintiff James Caspari is and was, at all relevant times, a resident of Los

5    Angeles, in the County of Los Angeles. Plaintiff has been working as an enterprising

6    protector of the downtown Los Angeles community by establishing and maintaining his own

7    patrol company (DTLA Patrol) to help to keep the downtown area safe. At the time of the

8    incident, Plaintiff, as the owner and manager of DTLA Patrol, was driving one of his patrol

9    vehicles to his main company office.

10   8.    At all times herein mentioned, Defendant City of Los Angeles (the "City"), was

11   a governmental entity organized and existing under the laws of the State of California.

12   9.    At all times herein mentioned, Defendant Los Angeles Police Department

13   ("LAPD") was a governmental entity organized and existing under the laws of the State of

14   California.  At all relevant times, the LAPD was a law enforcement agency responsible for

15   the training and supervision of its police officers, including Officer Llanos, Officer Saldana,

16   and Detective K. Scott.

17   10.    At all times herein mentioned, Officer Llanos (#41258), Officer Saldana

18   (#42816), and Detective K. Scott (#38212) were and are police officers employed by the City

19   of Los Angeles and the Los Angeles Police Department. At all relevant times, Officers

20   Llanos, Saldana, and Scott were acting within the course and scope of their employment and

21   acting under the color of law. Plaintiff is informed and believes that, at all relevant times,

22   Officers Llanos, Saldana, and Scott were residents of the County of Los Angeles, California.

23   11.    The true names and/or capacities, whether individual, corporate, associate,

24   otherwise of Defendant DOES 1 through 10 are unknown to Plaintiff at this time and

25   therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious

26   names. Plaintiff will seek leave of Court to amend this Complaint when the true names and

27   capacities of said DOE Defendants are ascertained.

28

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

3

Exhibit 1 - Page 10

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

12.     Plaintiff is informed and believes, and based upon such information and belief, alleges that each Defendant and Defendants sued herein as DOES 1 through 10 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

13.     The use of the term "Defendants" in any of the allegations of this Complaint, unless specifically set forth as otherwise, is intended to include and charge both jointly and severally, not only named Defendants, but all Defendants designated as DOES 1 through 10 as well.

14.     Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendant and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all of the Defendants.

15.     Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

16.     Plaintiff alleges that DOES 1 through 10 were law enforcement officers acting under the color of state law. It is further alleged that DOES 1 through 10 were acting in the course and scope of their employment at all relevant times.

## FACTUAL BACKGROUND

17.     Plaintiff is the CEO and qualified manager of the security company he created, DTLA Patrol. On February 3, 2019 at or around 8:30 p.m. Claimant was leaving a canine training facility and was driving to the main business office and headquarters of his company.

Exhibit 1 - Page 11

18.     Plaintiff was driving on Los Angeles Boulevard, North of 6th street when Officers Llanos and Saldana pulled him over for failing to have a rear license plate displayed. Claimant showed the officers his California driver license, California guard card, and a California Bureau of Investigative Services computer print-out of his firearm permit. Additionally, he showed the officers that he indeed had a rear license plate in his possession inside of the vehicle and was planning to install it. At this time Plaintiff also alerted the officers that he had an exposed firearm on his person.

19.     Officers noted the exposed firearm holstered on Plaintiff's hip and incorrectly advised Plaintiff that it was illegal to carry the firearm in that manner. Plaintiff attempted to explain that he had a guard card and an Exposed Firearm Permit which allowed him to openly carry his firearm. Plaintiff's sister even attempted to show the officers evidence of this fact. The officers ignored Plaintiff and his sister, detained Plaintiff, and took possession of Plaintiff's firearm. The officers verified that the firearm was registered to the Plaintiff. The officers then noted that the firearm contained a high capacity magazine with twenty-one bullets inside. The officers radioed in and started to guess at what charges they could arrest Plaintiff for. During this time, the officers called Plaintiff "weird" for having police-like items related to his security company work.

20.     The Officers' superior arrived and Plaintiff again attempted to explain that he possessed a guard card and an Exposed Firearm Permit which would allow him to openly carry his firearm. The Officers and their superior repeatedly lied and incorrectly stated the law while blatantly dismissing the correct laws that Plaintiff quoted. The LAPD supervisor explicitly stated "Okay, exposed firearm permits don't exist in the state of California…." The LAPD supervisor later stated, "I'm not super familiar with the new, you know the new uh, laws." During their on-scene investigation, the arresting officers admitted that Plaintiff owned a valid guard card. Officers told Plaintiff he was being detained primarily for having an exposed firearm in a vehicle and then proceeded to arrest Plaintiff for a violation of Penal Code Section 32310, possession of a high capacity magazine.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Exhibit 1 - Page 12
5

21.     At all times Plaintiff has denied all allegations made by Officer Llanos and Officer Saldana. On the scene of Plaintiff's arrest Plaintiff even presented evidence to the officers that maintained his innocence.

22.     After the arrest Plaintiff was also placed in a dangerous and precarious predicament when LAPD officers placed him in a holding cell and an elevator for an extended period of time with criminals while he was still wearing his DTLA Patrol uniform.

23.     On February 4, 2019 Detective Scott forwarded the case to the District Attorney's office in pursuit of this malicious and unwarranted prosecution. Only two days later, on February 6, 2019, the Deputy District Attorney declined to file charges against Plaintiff. However, Detective Scott and other DOE Defendants persisted in the malicious prosecution of Plaintiff by helping to refer the case to the City Attorney's office.

24.     On February 7, 2019, the City Attorney charged Plaintiff with carrying a loaded firearm in public per Penal Code Section 25850, a misdemeanor, and carrying a concealed firearm under Section 25400, a misdemeanor. The City Attorney sustained the ordeal for four months. Finally, on June 11, 2019, the City Attorney dismissed all charges as the charges should never have been brought in the first place and Plaintiff should never have been arrested.

25.     The bodycam video of Defendant Officers is appalling and represents police misconduct at its worst. The bodycam depicts Defendant LAPD officers mocking Plaintiff for his profession and his outfit, literally making up phony charges as they went along, and arresting Plaintiff based on those phony charges. The fact that Defendant Officers doubled down on their misconduct and had charges filed against Plaintiff is the height of malice. Plaintiff is a small business owner trying to keep Downtown Los Angeles safe. The conduct by Defendant Officers could have crippled Plaintiff's business.

26.     As a result of the wrongful arrest, Plaintiff was humiliated, mocked, and tormented by LAPD resulting in serious emotional distress, leaving Plaintiff unable to properly operate as owner and manager of his Patrol company.

GERACOS&GERACOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**Exhibit 1 - Page 13**

27.     As a result of the wrongful arrest, Plaintiff, along with his sister and pregnant wife, also were embarrassed by having to stand outside on the side of the street while the officers on the scene searched for and eventually conspired to invent a pretextual and legally unsound reason for Plaintiff's arrest. Plaintiff and his pregnant wife suffered additional distress as Plaintiff's wife was forced to endure a pat-down search by a gang unit officer.

### FIRST CAUSE OF ACTION

**(Violation of Civil Rights 42 U.S.C. §1983)**

**Plaintiff against All Defendants**

28.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29.     At all times material to this complaint, Defendants Officer Llanos, Officer Saldana, and their supervisor were acting under color of law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth and Fourteenth Amendments to the Constitution of the United States. The First, Fourth and Fourteenth Amendments are made applicable to the States pursuant to Title 42, Section 1983 of the United States Code.

30.     Defendants Officer Llanos, Officer Saldana, and Doe Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the First, Fourth and Fourteenth Amendments to the Constitution of the United States by, *inter alia,* subjecting Plaintiff to an unlawful search and seizure, arresting and/or causing Plaintiff to be arrested with without probable cause, conspiring to deprive Plaintiff of his constitutionally protected rights, submitting reports with material omissions, keeping Plaintiff detained after it became clear there was no probable cause to justify his detention, guessing at charges to secure an arrest, and then arresting Plaintiff on the basis of those phony charges.

31.     Further, Detective Scott and Doe Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the First, Fourth and Fourteenth Amendments to the Constitution of the United States by helping refer the case to the City Attorney's office once it had been legitimately rejected by the District Attorney.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

7

Exhibit 1 - Page 14

32.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in a sum to be proved at trial. Due to the conduct of Defendants,  and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to title 42, Section 1988 of the United States Code.

33.     The individual Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth and Fourteenth Amendments to the United States Constitution, and California Civil Code 3333 when they arrested him without probable cause. Throughout this baseless arrest, the officers mocked Plaintiff, his profession, and his uniform. Detective Scott pursued litigation against Plaintiff even after the District Attorney evaluated the charges and decided to reject them. Such conduct constitutes malice, oppression, and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

## SECOND CAUSE OF ACTION

### (False Arrest and False Imprisonment – 42 U.S.C. § 1983)

### Plaintiff against Defendants Officer Saldana, Officer Llanos, and Does 1 through 10

34.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as through fully set forth herein.

35.     At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. The First, Fourth, and Fourteenth Amendments are made applicable to the States pursuant to Title 42, Section 1983 of the United States Code.

36.     Defendant Officer Saldana, Officer Llanos, and Doe Defendants, while working as employees of the City, intentionally and maliciously detained and arrested

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1 | Plaintiff without a valid lawful basis.  Plaintiff did not voluntarily consent to the detention or

2 | arrest.

3 | 37.     Plaintiff was actually confined in boundaries not of his choosing, and was

4 | aware of such confinement, which was directly caused by the conduct of Defendant Officers

5 | Saldana, Llanos, and DOES 1 through 10.

6 | 38.     The right to be free from unlawful seizure is guaranteed by the fourth

7 | Amendment of the U.S. Constitution. When Defendants unlawfully acted, conspired, and

8 | collaborated to detain and then arrest Plaintiff, they violated his constitutional rights.

9 | 39.     The acts of Defendant Officers Saldana, Llanos, and DOES 1 through 10

10 | caused actual physical and mental harm and anguish to Plaintiff. The acts and conduct of

11 | these defendants were a substantial factor causing Plaintiff damage and harm in a sum to be

12 | proved at trial.

13 | 40.     Officer Saldana, Officer Llanos, and DOES 1 through 10 acted with conscious

14 | disregard for Plaintiff's rights and safety and intentionally and unnecessarily held him against

15 | his will for unlawful reasons. Such conduct constitutes malice, oppression and/or fraud under

16 | California Civil Code Section 3294, entitling Plaintiff to punitive damages against

17 | Defendants Llanos, Saldana, and DOES 1 through 10 in an amount suitable to punish and set

18 | an example of said Defendants.

19 | **41.   THIRD CAUSE OF ACTION**

20 | **(Violation of Civil Rights – *Monell* Claim)**

21 | **Plaintiff against the City and LAPD**

22 | 42.     Plaintiff realleges and incorporates by reference each and every allegation

23 | contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

24 | 43.     Defendants City and LAPD, knowingly, with gross negligence, and in

25 | deliberate indifference to the Constitutional rights of citizens, maintain and permit an official

26 | policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove

27 | and hereafter.

28 | 44.     Plaintiff has a constitutional interest pursuant to the Fourth and Fourteenth

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

9

**Exhibit 1 - Page 16**

1   Amendments to the United States Constitution to be free from an arrest without probable

2   cause and incarceration and criminal charges based on the City's apparent policies of

3   allowing arrests without probable cause. These policies and customs include, but are not

4   limited to, the deliberately indifferent training of its law enforcement officers in making

5   lawful arrests. These policies and customs also include the express and/or tacit

6   encouragement of arrests without probable cause, the ratification of police misconduct, and

7   the failure to conduct adequate investigations of police misconduct such that future

8   violations do not occur.

9        45.    Plaintiff is informed and believes, and thereon alleges, that these customs and

10  policies were the moving force behind the violations of Plaintiff's rights. Based upon the

11  principles set forth in *Monell v. New York City Dept. of Social Services,* the City and the

12  LAPD are liable for all of the injuries sustained by Plaintiff as set forth above.

13       46.    In acting as alleged herein, the Defendants City and LAPD caused Plaintiff

14  general and special damages, in an amount to be determined at the time of trial.

15       47.    Due to the conduct of Defendants City and LAPD, Plaintiff has been required

16  to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in

17  a sum to be proved at trial and recoverable pursuant to Title 42, Section 1988 of the United

18  States Code.

19  **FOURTH CAUSE OF ACTION**

20  **(Wrongful/Malicious Prosecution)**

21  **Plaintiff against all Defendants**

22       48.    Plaintiff realleges and incorporates by reference each and every allegation

23  contained in the preceding paragraphs as if fully set forth herein.

24       49.    Plaintiff has a constitutional due process right not to be subjected to criminal

25  charges on the basis of guessed-at and phony charges that were deliberately fabricated by

26  Defendant Officers Saldana, Llanos, and DOES 1 through 10.

27

28

GERACOS&GERACOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**Exhibit 1 - Page 17**
10

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

50.     Defendants Saldana, Llanos, in addition to Detective Scott and DOES 1 through 10, were actively and directly involved in causing Plaintiff to be prosecuted and caused the continuation of the prosecution.

51.     On February 6, 2019, just three days after Plaintiff's arrest, a Los Angeles County Deputy District Attorney declined to file charges against Plaintiff. Detective Scott then helped refer the case to the City Attorney's office. The City Attorney filed charges against Plaintiff. Four months later, in June 2019, the City Attorney dismissed all the charges.

52.     No reasonable person in the Defendants' circumstances would have believed there were grounds for causing Plaintiff to be arrested and prosecuted.

53.     Defendant Detective Scott's actions were a substantial factor in causing harm to Plaintiff by subjecting him to four months of litigation.

54.     The City of Los Angeles is liable for the acts, omissions and conduct of their employees pursuant to California Government code Section 815.2.

55.     As a direct cause of Defendant Detective Scott's tortious conduct, Plaintiff sustained general and special damages in an amount to be proved at the time of trial.

56.     The individual defendants' conduct was done so with a conscious disregard for Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against Defendant Detective Scott in an amount suitable to punish and set an example of said Defendants.

### FIFTH CAUSE OF ACTION

**(Violation of Civil Code §52.1 _et seq._)**

**Plaintiff against all Defendants**

57.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58.     Defendants were acting under color of law and within the course and scope of their duties as LAPD officers. They wrongfully caused Plaintiff to be arrested, incarcerated, and subjected to criminal charges.

59.     Pursuant to California Government Code Section 815.2, the City is liable for the acts, omissions, and conduct of its employees, including Defendants Llanos, Saldana, their supervisor Doe 1, Detective Scott, and other Doe defendants, whose tortious conduct was the cause in the damages and injuries to Plaintiff.

60.     The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff's rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with his right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments and California Constitution, Article 1, Section 13, as well as his right to be free from bodily restraint or harm under California Civil Code Section 43.

61.     As a direct cause of Defendants' conduct, Plaintiff's rights pursuant to California Civil Code Section 52.1 were violated, causing injuries and damages in an amount to be proved at trial.

62.     Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to California Civil Code Section 52.1, Plaintiff is entitled to recover said fees.

## SIXTH CAUSE OF ACTION

### (Negligence)

### Plaintiff against Defendants Officer Llanos, Officer Saldana, and DOES 1 through 10

63.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64.     Officer Llanos, Officer Saldana, and Does 1 through 10 had a duty of care to make arrests for only legitimate reasons, and to avoid making arrests that are based solely on guessed-at law or made up charges.

65.     Officer Llanos, Officer Saldana, and Defendant Does breached their duty of care when they detained Plaintiff while guessing at charges they could arrest Plaintiff for.

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

-12-

Exhibit 1 - Page 19

1  Mr. Caspari was initially pulled over for missing rear plates. He explained to the officers that

2  the plates were in his car and that he would put them on. After this valid explanation, officers

3  continued to detain, and eventually arrested, Plaintiff even though they could not conceive of

4  a legitimate charge to justify that detention or arrest.

5      66.    As a proximate and direct cause of Defendants' breach of duty, Plaintiff

6  sustained injuries and damages in an amount to be proven at the time of trial.

7      67.    The City is liable for the acts, omissions, and conduct of its employees

8  pursuant to California Government Code Section 815.2.

9                    **SEVENTH CAUSE OF ACTION**

10                **(Intentional Infliction of Emotional Distress)**

11  **Plaintiff against Defendants Officer Saldana, Officer Llanos, Detective Scott, and**

12                      **Does 1 through 10**

13      68.    Plaintiff realleges and incorporates by reference each and every allegation

14  contained in the preceding paragraphs as if fully set forth herein.

15      69.    As set forth herein, Defendants Officer Saldana, Officer Llanos, and Does 1

16  through 10 arrested Plaintiff without valid legal cause. During the initial detention,

17  Defendant Officers made fun of Plaintiff for his profession and for his outfit. Defendant

18  Officers called Plaintiff "weird" for having police-like items related to his security company

19  work. This conduct was harmful and offensive to Plaintiff, and would be considered harmful

20  and offensive to a reasonable person.

21      70.    Further, and as set forth herein, after Plaintiff was arrested, he was placed in a

22  holding cell and an elevator for an extended period of time with criminals while he was still

23  wearing his DTLA Patrol uniform. This conduct obviously placed Plaintiff in a dangerous

24  position and he felt unsafe. This conduct was harmful and offensive to Plaintiff, and would

25  be considered harmful and offensive to a reasonable person. wearing his DTLA Patrol

26  uniform.

27

28

Exhibit 1 - Page 20
13

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

71.     Further, Defendants, including Detective Scott, were actively and directly involved in causing Plaintiff to be wrongfully prosecuted and caused the continuation of the prosecution.

72.     Defendants' conduct was outrageous. By their conduct, Defendants intended to cause Plaintiff emotional distress. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

73.     Plaintiff suffered severe emotional distress. Defendants were a substantial factor in causing Plaintiff's severe emotional distress. As a direct and proximate result of Defendants' conduct, Plaintiff has been unable to properly operate as owner and manager of his security patrol company.

74.     The conduct of Defendants, as alleged herein, was deliberate, malicious and despicable and reflects a conscious and/or reckless disregard of the rights and interest of Plaintiff, thereby entitling Plaintiff to exemplary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JAMES CASPARI prays for judgment as follows:

1. For past and future general damages in an amount to be determined by proof at trial;

2. For past and future special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against the Defendants;

4. For costs of suit;

5. For reasonable attorneys' fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

DATED: March 24, 2020

GERAGOS & GERAGOS, APC

By: _____
BEN J. MEISELAS
Attorneys for Plaintiff JAMES CASPARI

-14-
**Exhibit 1 - Page 21**

1

## DEMAND FOR JURY TRIAL

2        Plaintiff James Caspari hereby demands a jury trial.

3

4    DATED:  March 24, 2020                    GERAGOS & GERAGOS, APC

5                                         By:

6                                              BEN J. MEISELAS
                                               Attorneys for Plaintiff JAMES CASPARI

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411